*428 OPINION.
ARxtndell :
Petitioner claims that its fixtures had a March 1, 1913, value of not less than $938,914.40 and that that figure is the proper basis for computing depreciation allowances. That figure, as explained in the findings of fact, represents the original cost of the fixtures. Undoubtedly, March 1, 1913, value is the proper basis under the Revenue Act of 1921, which must govern the years 1922 and 1923. In support of its claim that March 1, 1913, value was equal to cost, petitioner offered evidence as to the condition of the equipment here involved. Witnesses were called who were thoroughly familiar with the machinery and fixtures at that date and who testified to the high state of efficiency in which equipment was maintained. The substance of their testimony was that through constant inspection and repairs the equipment was as good as new. Giving entire credence to this evidence, it still does not establish March 1, 1913, value. Fair market value and state of operating efficiency are not synonomous terms. On the evidence we must hold that petitioner has failed to establish fair market value at March 1, 1913, to be the amount claimed.
It is stipulated that respondent, in computing the depreciation deductions allowed, reconstructed fixtures, equipment and machinery account and used cost as shown by petitioner’s books as the basis. That is to say, that, in view of petitioner’s practice of writing down this account, respondent used 25 per cent of cost as the basis. We have consistently held that with respect to property acquired prior to March 1, 1913, the value at that date is the proper basis under the 1918 and 1921 Acts. J. J. Gray, Jr., 2 B. T. A. 672; Moline Dispatch Publishing Co., 11 B. T. A. 934; Nolde & Horst Co., 12 B. T. A. 417. So, taking the stipulation literally, it appears that the respondent used an erroneous basis. But whether his basis was too low or too high is not established. The real question here is whether the respondent has allowed adequate depreciation deductions, and as the case stands we can not say that he did not, even though he used a basis other than the proper one. The burden of showing the amount of the deductions to which it was entitled is on the petitioner, and through lack of proof it has failed to meet it. Cf. Burnet v. Houston, 283 U. S. 223.
With respect to 1924 the situation is somewhat different, because of the change of basis contained in the Revenue Act of 1924. Section 204 of that act, in subsections (b) and (c), provides that the basis for depreciation of property acquired prior to March 1, 1913, shall be either the cost of such property or its fair market value as of March 1, 1913, whichever is greater. Under these provisions it is necessary for a taxpayer to establish only one of the two elements *429 prescribed, i. e., either cost or March 1, 1913, value. If the other element is greater than the one established the taxpayer is the loser and must stand the consequences of his failure of proof. In this case petitioner has been able to establish the cost, as of May 31, 1912, of the property on which it seeks depreciation deductions and that is the proper starting point for computing depreciation allowances. As we understand the real point in issue, it is only the basis for depreciation purposes, and there is no dispute as to the rate or subsequent additions to or disposition of depreciable property. Stated another way, the issue is whether the basis is the $234,128.60 appearing as cost on petitioner’s books at the basic date, or the sum of $938,914.40, which represents actual cost. As we have pointed out above, cost is the proper basis to be used in this case, and accordingly the amount of $938,914.40 should be used as a starting point in computing depreciation for the year 1924.

Decision will be entered under Bule 60.